UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:17CR539 RLW(SPM) |
| ) | |
| ANTHONY RUSSELL WILSON ) | |
| ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION AND**
**MEMORANDUM OPINION OF**
**UNITED STATES MAGISTRATE JUDGE**

This matter was referred to the undersigned United States Magistrate Judge for all pretrial matters pursuant to 28 U.S.C.§ 636(b), and is currently before the undersigned on Defendant Anthony Russell Wilson's Motion to Dismiss the Indictment on Grounds of Double Jeopardy (Doc. 43). Specifically, on September 18, 2017, Wilson was arrested for, among other things, felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On November 15, 2017, Wilson was charged in an indictment with one count of being a felon in possession of a firearm based on the September 18th arrest. At the time he was indicted, Wilson was completing a term of supervised release in this Court, Case No. 4:09CR583JAR.[1] As a result of the conduct alleged in the indictment, on March 21, 2018, Wilson's supervised release was revoked pursuant to 18 U.S.C. § 3583(g)(2), which mandates revocation and reimprisonment if a defendant under supervision possesses a firearm in violation of federal law or "otherwise violates a condition of supervised

---

[1] In 2010, Wilson pled guilty to being a felon in possession of a firearm and was sentenced by the Honorable Carol E. Jackson to 87 months in prison followed by 3 years of supervised release. Wilson began supervision in 2016. The case was reassigned to Judge Ross after Judge Jackson's retirement.

release prohibiting the defendant from possessing a firearm." Upon revocation, Wilson was sentenced to eighteen months in prison, followed by eighteen months of supervised release.

In moving to dismiss the indictment on double jeopardy grounds, Wilson argues, first, that his reincarceration pursuant to § 3583(g)(2)'s mandatory revocation provision was a new and separate punishment for his September 2017 conduct. Wilson further argues that the current indictment pending before this Court seeks to punish him for the same September 2017 conduct that resulted in the revocation of his supervised release and, therefore, this prosecution runs afoul of the Double Jeopardy Clause of the Fifth Amendment. The issue of whether the mandatory revocation provision under § 3583(g)(2) constitutes new and separate punishment such that a subsequent prosecution for the same conduct would result in a double jeopardy violation appears to be a matter of first impression in the Eighth Circuit. Because the issue raised by Wilson's motion appears to be novel, and because it appears that Wilson may immediately appeal the denial of a pretrial double jeopardy motion under *Abney v. United States,* 431 U.S. 651, 660-61 (1977), I agreed with the parties that it seemed prudent to take up Wilson's motion to dismiss on double jeopardy grounds before addressing any of the remaining pending pretrial motions in this case.[2]

After carefully considering the written submissions of the parties, for the reasons set out below, I find that Defendant has failed to establish that his reincarceration pursuant to § 3583(g)(2) renders the current prosecution violative of the Fifth Amendment's double jeopardy clause.

---

[2] Defendant also filed a motion to suppress evidence and statements before the expiration of the deadline set for pretrial motions. Those motions are still pending and are the subject of an evidentiary hearing scheduled on August 7, 2018. *See* Doc. 44.

## I. DISCUSSION

The Fifth Amendment guarantees that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. Amend. V. "The Fifth Amendment guarantee against double jeopardy . . . has been said to consist of three separate constitutional protections. It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969) (footnotes omitted). While not explicitly stated, it appears that Wilson maintains that this indictment implicates the third of these protections. However, the state of the law has long been that a violation of the conditions of supervised release does not constitute a new crime, and the revocation of supervised release is not properly considered a new punishment. *See Johnson v. United States*, 529 U.S. 694, 700 (2000) ("[P]ostrevocation sanctions [are] part of the penalty for the initial offense . . .."). As the court in *United States v. Wyatt* stated, "[j]ust as revocation of parole is not intended to serve as punishment for the subsequent misconduct that results in the revocation, revocation of supervised release is similarly designed to meet objectives entirely distinct from punishing the subsequent misconduct." *Wyatt*, 102 F.3d 241, 244 (7th Cir. 1996).

The United States Sentencing Commission has explained that a violation of the conditions of supervised release is considered to be a "breach of trust" and "the sentence imposed upon revocation [of supervised release] is intended to sanction the violator for failing to abide by the conditions of the court-ordered supervision, leaving the punishment for any new criminal conduct to the court responsible for imposing the sentence for that offense." United States Sentencing Commission, Guidelines Manual, Ch. 7 Pt. A § 3(b). Therefore, "because revocation of supervised release amounts only to a modification of the terms of the defendant's original sentence, and does

not constitute punishment for the revocation-triggering offense, the Double Jeopardy Clause is not violated by a subsequent prosecution for that offense."[3] *Wyatt*, 102 F.3d at 244.

Moreover, it is well-settled that this maxim does not change if "punishment for a violation of supervised release, when combined with punishment for the original offense, may exceed the statutory maximum for the underlying substantive offense." *United States v. Wirth*, 250 F.3d 165, 170 n.3 (2d Cir.2001). In sum, Wilson's Motion stated the law correctly and succinctly when he said that, "jeopardy will not attach if a supervised release revocation causes a modification of the original sentence based on a breach of trust or failure to abide by court supervised conditions because modifying an original sentence for those purposes is not equivalent to punishment for the 'triggering offense.'" (Doc. 43 at p. 7).

Although it appears to be well settled that the double jeopardy clause does not apply to post-conviction proceedings such as probation, parole or supervised release revocation hearings, Wilson argues, with some force, that the Tenth Circuit's decision in *United States v. Haymond,* 869 F.3d 1153 (10th Cir. 2017) calls that well-settled maxim into doubt.[4]

### A. UNITED STATES V. HAYMOND

The defendant in *Haymond* was convicted by a jury of one count of possession and attempted possession of child pornography and was sentenced to thirty-eight months of imprisonment and ten years of supervised release. *Haymond,* 869 F.3d at 1156. Approximately two years after Haymond began his supervised release, a surprise search of his apartment revealed, among other things, that he possessed child pornography. *Id.* The district court revoked

---

[3] This line of thinking is analogous to and consistent with the way courts have analyzed the applicability of the Ex Post Facto Clause of the Constitution to revocation hearings. Courts have generally held that when a statute increases the penalty that can be imposed upon revocation, that enhanced penalty cannot be applied to defendants whose underlying offenses took place before the statute's enactment, because the consequences imposed upon revocation are part of the defendant's original sentence, not a new punishment. *See, e.g., Johnson*, 529 U.S. at 700; *Williams v. Lee* 33 F.3d 1010 (8th Cir. 1994), certiorari denied, 514 U.S. 1032.
[4] A Petition for a writ of certiorari was filed on June 18, 2018.

4

Haymond's supervised release and, pursuant to 18 U.S.C. § 3583(k), sentenced him to five years' reincarceration to be followed by a five-year term of supervised release. *Id.*

Haymond appealed arguing that the evidence was insufficient to show by a preponderance of the evidence that he possessed child pornography and that § 3583(k) violated due process. *Id.* at 1157. The Tenth Circuit rejected Haymond's argument challenging the sufficiency of the evidence but agreed that § 3583(k) was unconstitutional. Specifically, the court in *Haymond* held that § 3583(k) "strips the sentencing judge of discretion to impose punishment within the statutorily prescribed range" in violation of the Sixth Amendment. *Id.* at 1164. This is so, held the Tenth Circuit, because

> when Haymond was originally convicted by a jury, the sentencing judge was authorized to impose a term of imprisonment between zero and ten years. After the judge found, by a preponderance of the evidence, however, that Haymond had violated a particular condition of his supervised release, the mandatory provision in § 3583(k) required that Haymond be sentenced to a term of reincarceration of at least five years, up to a maximum term of life. This unquestionably increased the mandatory minimum sentence of incarceration to which he was exposed from no years to five years . . . [based on a finding] by a judge by only a preponderance of the evidence.

*Id.* at 1164-65.

The Tenth Circuit also held that § 3583(k) was unconstitutional because it "circumvents the protections of the Fifth and Sixth Amendments by expressly imposing an increased punishment for specific subsequent conduct." *Id.* at 1165. Citing *Johnson v. United States*, 529 U.S. 694, 700 (2000), the Tenth Circuit held that the Supreme Court has made clear that "in order to avoid serious constitutional concerns, revocations of supervised release must be viewed as punishment for the original crime of conviction, not as punishment for the violation of the conditions of supervised release." *Haymond,* 869 F.3d 1165.[5] The Tenth Circuit further noted that, in *Johnson*, the Court

---

[5] Although the *Haymond* court quoted extensively from the Supreme Court's decision in *Johnson* during its analysis of the double jeopardy question with regard to § 3583(k), *Johnson* did not change the state of the law regarding

raised the specter of a possible double jeopardy violation if revocation of supervised release is punishment for an act of violation that is criminal in its own right and, as such, may be the basis for separate prosecution. *Id.*

The *Haymond* court appears to have concluded that because it requires that any one of the enumerated criminal offenses must result in revocation and a five-year mandatory minimum term of imprisonment, § 3583(k) crosses the somewhat illusory line that separates the penalty for violating conditions of supervised release from punishment for a new criminal offense. *Id.* According to the Tenth Circuit, this heightened penalty "must be viewed, at least in part, as punishment for the subsequent conduct" and "impermissibly requires a term of imprisonment based not on the original crime for which the defendant was properly convicted, but instead on the commission of a new offense." *Id.* at 1165-66. The court concluded that "Congress must set the authorized term of reimprisonment based on the severity of the original crime" in order to "maintain the premise that revocation of supervised release is a punishment for the original crime of conviction." *Id.* at 1166.

### B. WILSON'S RELIANCE ON HAYMOND IS MISPLACED

Wilson appears to argue that given similarities between § 3583(g)(2) and § 3583(k), the rationale from *Haymond* can be applied in this case to render Wilson's continued prosecution following revocation and reincarceration under § 3583(g)(2) unconstitutional. Assuming, without deciding, that the Tenth Circuit's holding in *Haymond* was correct and is applicable to the facts of this case, Wilson's argument has some force but is ultimately unavailing.

---

double jeopardy; in fact, it was not a double jeopardy case, but an *ex post facto* case appealed from the Sixth Circuit. As such, much of the discussion in *Johnson* regarding the Double Jeopardy Clause and its relation to revocation hearings is dicta.

As Wilson points out, the language in § 3583(g)(2) bears some similarity to the language of § 3583(k) in that it mandates revocation as a penalty for specific enumerated conduct that could, in its own right, be the basis for separate prosecution. In fact, Wilson correctly notes that subsections (k) and (g) are the only two subsections in § 3583 that mandate revocation and a term of imprisonment. Both subsections operate to impose mandatory punishment on a defendant for specific subsequent conduct designated in the statute. By mandating revocation and imprisonment for violating a federal firearm law, subsection (g)(2), like subsection (k), imposes a mandatory penalty for conduct that could, in its own right, be the basis for separate prosecution.

These mandatory provisions stand apart from § 3583(e) which governs all other violations of supervised release. In contrast to §§ 3583(g) and (k), § 3583(e) gives the court a great deal of discretion in determining the appropriate punishment for violating conditions of supervised release. Section 3583(e) states that the court "may," after considering the relevant factors, terminate, extend or revoke a defendant's term of supervised release if he violates the conditions of release. If the court chooses to revoke a defendant's supervised release then, under § 3583(e)(3), the court may "require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision." 18 U.S.C. § 3583(e)(3). Notwithstanding the similarities between subsection (g)(2) and subsection (k), there are significant differences in the way these two provisions operate. Those differences are fatal to Wilson's motion.

For instance, as noted above, not only is revocation mandatory under subsection (k) when a defendant commits one of the enumerated offenses, but the judge must also impose a mandatory sentence of no less than five years in prison—a term that may exceed the term of imprisonment a defendant faced under the original crime, as it did in *Haymond*. It was this heightened penalty,

which was both untethered to the original crime and predicated solely on the new conduct, that led the *Haymond* court to conclude that subsection (k) ran afoul of the Fifth and Sixth Amendments. *See Haymond,* 869 F.3d at 1165-66.

In contrast, subsection (g) does not require the judge to impose a term of imprisonment that is divorced from the original crime for which the defendant was convicted. Instead, if a defendant violates federal law or a condition of supervised release by possessing a firearm then, under subsection (g)(2), "the court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment ***not to exceed the maximum term of imprisonment authorized under subsection [§3583](e)(3)***." 18 U.S.C. §3583(g) (emphasis added). Under subsection (e)(3), the court is authorized to require the defendant to serve in prison "all or part of the term of supervised release authorized by statute for the original crime;" however, the sentence must not exceed 5 years in prison if the offense that resulted in the term of supervised release is a class A felony, 3 years in prison if such offense is a class B felony, 2 years if such offense is a class C or D felony, and one year in any other case.

As the court in *Haymond* correctly pointed out, like subsection (k), subsection (e)(3) allows the judge to consider the subsequent conduct that resulted in a supervised release violation and to impose a lengthier sentence based on the severity of the conduct by which a defendant violated the conditions of his or her supervised release. *Haymond,* 869 F.3d at 1165-66. However, unlike subsection (k), a defendant sentenced under subsection (e)(3) "would face a term of reimprisonment ***properly limited by his original crime of conviction***." *Id.* at 1165 (emphasis added). A comparison between the facts of this case and the facts in *Haymond* illustrates the point.

When Haymond was originally convicted by a jury, the sentencing judge was authorized to impose a term of imprisonment between zero and ten years. However, after the judge found that

Haymond had violated a particular condition of his supervised release, the mandatory provision in § 3583(k) required that Haymond be sentenced to a term of reincarceration of at least five years, up to a maximum term of life. *Id.* at 1164-65. Thus, held the *Haymond* court, subsection (k) operated to "unquestionably increase[] the mandatory minimum sentence of incarceration to which Haymond was exposed" and this heightened penalty "must be viewed, at least in part, as punishment for the subsequent conduct." *Id.* at 1164-66.

In this case, Wilson faced a statutory penalty of up to 10 years in prison if convicted followed by no more than 3 years of supervised release. After Judge Ross found by a preponderance of the evidence that Wilson had violated the no-firearms condition of his supervised release, subsection (g)(2) required Judge Ross to revoke Wilson's supervision and sentence him to a term of imprisonment not to exceed the maximum term allowed under subsection (e)(3). Unlike the 5 year minimum term of imprisonment mandated in *Haymond* under subsection (k), subsection (e)(3) did not require the judge to impose any particular term of imprisonment. Instead, it limited the term of reincarceration to no more than 3 years—the term of supervision for Wilson's original crime.

Judge Ross's sentence of 18 months reincarceration was well within the limitations imposed by subsection (e)(3) and well within the range of punishment Wilson faced for the original crime. Because the term of reincarceration resulting from Wilson's supervised release violation clearly related back to Wilson's original crime, and because the term imposed cannot fairly be characterized as a heightened penalty resulting from a new offense, even when the rational of *Haymond* is applied, Wilson's reincarceration in Case No. 4:09CR583JAR does not cross the line from penalty for a supervised release violation (which would not trigger double jeopardy concerns) into punishment for conduct that constitutes a new/subsequent criminal offense (which would

trigger double jeopardy concerns). As such, Wilson's reincarceration does not implicate the double jeopardy protection of the Fifth Amendment.

In accordance with the Memorandum above,

**IT IS HEREBY RECOMMENDED** that Defendant Anthony Russell Wilson's Motion to Dismiss the Indictment on Double Jeopardy grounds (Doc. 43) be **DENIED.**

The parties are advised that they have fourteen (14) days in which to file written objections to this recommendation and determination. Failure to timely file objections may result in waiver of the right to appeal questions of fact. *Thompson v. Nix,* 897 F.2d 356, 357 (8th Cir. 1990).

                                                                                                             SHIRLEY PADMORE MENSAH
                                                                                                             UNITED STATES MAGISTRATE JUDGE

Dated this 28th day of June, 2018.